

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 4, 1968

Hon. J. Manley Head
Executive Secretary
Texas Board of Chiropractic
   Examiners
Downtowner Office Building
300 E. 11th St., Suite L-7
Austin, Texas   78701

Opinion No. M-181

Re:  Whether under Article 4590c,
     V.C.S., the Texas State Board
     of Examiners in the Basic Sci-
     ences has the authority or
     discretion to deny a certif-
     icate of proficiency to an
     applicant who presents a
     transcript of credits show-
     ing satisfactory completion
     of sixty or more semester
     hours of college credits as
     prescribed by Section 16-a
     of the Act and who is other-
     wise qualified by law, and

Dear Mr. Head:

     related questions.

          In connection with the current procedures on issu-
ance of certificates, the Texas State Board of Examiners in
the Basic Sciences has advised you that it will be the policy
of said Board to deny certification by waiver when the appli-
cation is based on college work carried simultaneously with,
or in addition to a normal course of study in a professional
school.

          In your request for an opinion from this office you
state the following:

          "Upon studying Section 16a of the Minimum
     Standards Law, under which the Texas State
     Board of Examiners in the Basic Sciences op-
     erate and codified as 4590c, V.T.C.S., we
     find the following language:

          -"'Sec. 16-a.   The Board shall issue a
     certificate of proficiency to any person

- 865 -

who is otherwise qualified by law and who shall present to the Board a transcript of credits certifying that such person has satisfactorily completed sixty (60) semester hours or more of college credits at a college or university which issues credits acceptable to the University of Texas leading toward a Bachelor of Arts or a Bachelor of Science Degree; said college or university credits shall include the satisfactory completion of all the subjects enumerated in Section 1 of this Act with an average of seventy-five percent (75%) or better in each of such courses; and the University of Texas shall offer at the Main University at Austin, Texas, beginning with the fall semester 1949, courses in each of the enuerated subjects.'

"Heretofore, certificates of proficiency have been granted to students upon proper presentation of their credentials as required by law. Such certificates were then presented to the Texas Board of Chiropractic Examiners prior to examination as required by law.

"My questions are as follows:

"(1) Under the statute, does the Texas State Board of Examiners in the Basic Sciences have the authority to withhold, challenge, delay, or deny a certificate of proficiency to any person who is otherwise qualified by law and who presents to the Board transcripts of credits certifying that such person has satisfactorily completed sixty (60) semester hours or more of college credits acceptable to and approved by the University of Texas?

"(2) As used in Section 16a, do the words 'satisfactorily' and 'satisfactory' apply to

the University of Texas or do they relate and
apply to the Texas State Board of Examiners in
the Basic Sciences?

"(3) Does the Texas State Board of Exam-
iners in the Basic Sciences have the legal
right or authority to reject, modify, change,
withhold, delay, or refuse to grant a person
a certificate of proficiency in the Basic
Sciences when such person has complied with
the requirements as stated in Section 16a
of the Minimum Standards Law, codified as
4590c, V.T.C.S.?"

Section 4 of Article 4590c, Vernon's Civil Statutes,
provides that the Board shall make such rules and regulations,
not inconsistent with the law, as it deems expedient to carry
this Act into effect. It is not the function of the Board to
enlarge or modify the statutory requirements laid down by the
legislature in Article 4590c, Section 16-a. In 1 Tex.Jur.2d
652, Administrative Law, Section 6, it is stated:

"Generally the powers of an administra-
tive agency are derived entirely from legisla-
tive enactment. The agency has only such powers
as are expressly conferred on it by statute to-
gether with those necessarily implied from pow-
ers and duties expressly given or imposed.

"Although a statute conferring administra-
tive authority will generally be liberally con-
strued, the agency must not go beyond the clear
intent of the legislature. It may not enlarge
its powers by its own orders, or exercise a
power expressly conferred not upon it, but
upon another agency or arm of government."

The rules and regulations adopted by an agency must be with-
in the clear intent of the statute, and not in excess of the
powers delegated. 1 Tex.Jur.2d 657, Administrative Law, Sec-
tion 11. The language of Article 4590c neither expressly nor

impliedly gives the Board any discretionary powers to impose requirements upon applicants other than those requirements set out in that statute itself.

We answer the three questions contained in your letter as follows:

(1) Under the provisions of Section 16-a of Article 4590c, the Texas State Board of Examiners in the Basic Sciences does not have the authority to withhold, challenge, delay, or deny a certificate of proficiency to any person who is otherwise qualified by law and who presents to the Board transcripts of credits certifying that such person has satisfactorily completed sixty (60) semester hours or more of college credits acceptable to and approved by the University of Texas,

(2) As used in Section 16-a of said Article 4590c, the words "satisfactorily" and "satisfactory" apply to the University of Texas and not to the Texas State Board of Examiners in the Basic Sciences.

(3) The Texas State Board of Examiners in the Basic Sciences does not have the legal right or authority to reject, modify, change, withhold, delay, or refuse to grant a person a certificate of proficiency in the basic sciences when such person has complied with the requirements as stated in Section 16-a of Article 4590c.

## S U M M A R Y

The Texas State Board of Examiners in the Basic Sciences does not have the authority or discretion to deny a certificate of proficiency to an applicant who is otherwise qualified by law and who shall present to the Board a transcript of credits showing satisfactory completion of sixty (60) or more semester hours of college credits as prescribed by Section 16-a of Article 4590c, Vernon's Civil Statutes.

Very truly yours.

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Ralph Rash
Neil Williams
Lonny Zwiener
Roger Tyler

A. J. CARUBBI, JR.
Staff Legal Assistant